IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMMONS REALTY CO, INC., | ) | Case No. 3:19-cv-182 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BEDFORD UST HOLDING COMPANY, LLC, BEDFORD ASSET LEASING COMPANY, LLC, and BREEZEWOOD LEASING COMPANY, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I.  Introduction

This case arises from a property dispute between Plaintiff Simmons Realty Company, Inc. ("Simmons") and Defendants Bedford UST Holding Company, LLC ("Bedford Holding"), Bedford Asset Leasing Company, LLC ("Bedford Leasing"), and Breezewood Leasing Company, LLC ("Breezewood") (collectively "Defendants"). Pending before the Court is "Defendants' Rule 12 Motion and Parallel Claim Abstention." (ECF No. 6). The motion is fully briefed (ECF Nos. 6-9) and ripe for disposition. For the reasons that follow, the Court **DENIES** Defendants' Motion.

II.  Jurisdiction and Venue

This Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

III.  Factual Background

The Court derives the following facts from the Complaint (ECF No. 1) and accepts them as true for the purpose of deciding the Motion.

Simmons is the owner of four properties: 1) the "Flying J Property" located at 167 Post House Road, Breezewood, Bedford County, Pennsylvania 15533; 2) the "Denny's Property" located at 16402-16214 Lincoln Highway, Breezewood, Bedford County, Pennsylvania 15533; 3) the "Main Street Property" located at 255 East Main Street, Everett, Bedford County, Pennsylvania 15537; and 4) the "N. Spring Street Property" located at 914 & 918 N. Spring Street, Everett, Bedford County, Pennsylvania 15537. (ECF No. 1, ¶¶ 7-20). Each property contains underground fuel storage tanks, underground lines, pumps, and related dispensers (the "Underground Tanks"). (*Id.*). Defendants purchased the Underground Tanks from Simmons on or about August 8, 2017. (*Id.* ¶ 21). Since purchasing the Underground Tanks, Defendants have exercised exclusive possession, control, and dominion of the portions of Simmons's property upon which the Underground Tanks are located. (*Id.* ¶ 22). Despite multiple requests from Simmons, Defendants have not removed the Underground Tanks from the four properties. (*Id.* ¶ 23).

IV.   **Procedural Background**

On August 27, 2019, Defendants (and others) filed a Complaint against Simmons (and others) in the Court of Common Pleas in Bedford County, Pennsylvania. (ECF No. 7, p. 2).

On October 28, 2019, Simmons filed its Complaint in this Court, asserting claims for ejectment and trespass. (ECF No. 1). On February 10, 2020, Defendants moved to dismiss the Complaint as redundant or to have the Court abstain from exercising jurisdiction over the Complaint because of an action pending in state court. (ECF No. 6). Defendants filed their

"Defendants' Brief in Support of Rule 12 Motion and Parallel Claim Abstention" that same day. (ECF No. 7). On February 27, 2020, Simmons responded in opposition and filed its "Brief in Opposition to Defendants' Motion to Strike." (ECF Nos. 8, 9). The Defendants did not file a reply.

## V. Legal Standards

### A. Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Rule 12(f), the standard for striking portions of a complaint "is strict and only allegations that are so unrelated to the plaintiff['s] claims as to be unworthy of any consideration should be stricken." *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004). Moreover, striking portions of a plaintiff's pleading is a "drastic remedy," which should be used only when justice requires it. *Id.* (citation omitted)); *see also DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (providing that, while "motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored").

### B. *Colorado River* Abstention

As set forth by the Supreme Court in *Colorado River Water Conservation District. v. United States*, federal courts are permitted to abstain from exercising jurisdiction when they otherwise possess subject matter jurisdiction over a claim. 424 U.S. 800 (1976). "The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). "Abstention under *Colorado River* is 'considerably

more limited than the circumstances appropriate for abstention' under other doctrines." *Nat. Collegiate Athletic Ass'n v. Corbett*, 25 F. Supp. 3d 557, 570–71 (M.D. Pa. 2014) (quoting *Colorado River,* 424 U.S. at 818).

"Whether [*Colorado River*] abstention is appropriate is a two-part inquiry." *Nationwide,* 571 F.3d at 307. "The initial question is whether there is a parallel state proceeding that raises 'substantially identical claims [and] nearly identical allegations and issues.'" *Id.* (quoting *Yang v. Tsui,* 416 F.3d 199, 204 n. 5 (3d Cir. 2005)). "If the proceedings are parallel, courts then look to a multi-factor test to determine whether 'extraordinary circumstances' meriting abstention are present." *Id.*

Courts in the Third Circuit look to six factors to determine whether "extraordinary circumstances" exist that warrant *Colorado River* abstention: "(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Id.* "While the Supreme Court has enumerated six factors, 'the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Gordon v. E. Goshen Twp.,* 592 F. Supp. 2d 828, 843 (E.D. Pa. 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)).

VI.   Discussion

    A.   **The Court Denies Defendants' Motion to Strike the Complaint as Redundant**

1.     **The Parties' Arguments**

Defendants argue that Simmons's Complaint "is necessarily intertwined with the State Court Litigation." (ECF No. 7, p. 5). In this action for ejectment and trespassing, "entities directly related to Defendants have the right to purchase each of the properties from [Simmons] pursuant to a bankruptcy Settlement Agreement." (*Id.*). Simmons's Complaint is redundant with the State Court Litigation because "the ownership and relative rights of each of the properties will be litigated through the [state litigation]." (*Id.*).

Simmons responds that the Defendants are "improperly seek[ing] to stike [Simmons's] claims and seek[ing] dismissal of the lawsuit." (ECF No. 9, p. 5). Further, "[t]he remedy sought is far outside the parameters of Rule 12(f) and is not an available remedy under the Federal Rules." (*Id.*).

2.     **Rule 12(f) is not the Proper Avenue for the Relief Sought by Defendants**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading . . . any redundant . . . matter." Fed. R. Civ. P. 12(f). "Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 14 F. Supp. 3d 760, 769 (W.D. La. 2014) (citing C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.)), *aff'd*, 614 F. App'x 705 (5th Cir. 2015). However, "federal courts within the Third Circuit have been highly loathe to grant motions to strike that would effectively dismiss the entire pleading." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 742 (D.N.J. 2013). As the Ninth Circuit has explained, "to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . would [create] redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary

judgment at a later stage in the proceedings) already serves such a purpose. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

Through their motion, the Defendants are seeking to have Simmons's entire Complaint stricken as redundant. However, other than citing Rule 12(f), Defendants have provided no argument or authority that would permit Simmons's complaint to be stricken because it is allegedly redundant with the state court litigation. Further, the other relief sought by Defendants in their motion, that the Court abstain pursuant to *Colorado River*, effectively addresses the alleged redundancy.

Accordingly, the Court will not strike Simmons's complaint as redundant.

**B.    *Colorado River* Abstention is not Warranted**

**1.    The Parties' Arguments**

Defendants argue that "[t]he instant state and federal actions are parallel claims" because "[t]he Plaintiff and all of the Defendants are also named parties in the State Court Litigation" and "the state and federal cases evolved from the same facts and include intertwined legal issues." (ECF No. 7, p. 5-6).

Defendants further contend that the consideration of the factors "shows that abstention is appropriate." (*Id.*). Defendants advance no argument addressing the first two factors. For the third factor, Defendants argue that "[t]he state and federal cases are factually and legally intertwined" and the "[i]ntertwined parallel claims will result in piecemeal litigation causing delays, additional expense, and inefficiencies." (*Id.*). For the fourth factor, Defendants contend that "[t]he State Court litigation was filed first by Defendants on August 27, 2019."[1] (*Id.* at 6-7).

---

[1] Simmons filed its complaint in this Court on October 28, 2019. (ECF No. 1).

As to the fifth factor, Defendants argue that Simmons's "claims of ejectment and trespass sound in state law and will be effectively decided by state courts." (*Id.* at 6). Finally, for the sixth factor, Defendants contend that "the state court can effectively protect [Simmons's] rights, particularly as [Simmons's] claims sound in state law." (*Id.* at 7).

Simmons responds that "there exists no parallel state court action" because its claims for ejectment and trespass "are in stark contrast and wholly unrelated to Defendants' claims set forth in the State Court Action." (ECF No. 9, p. 7). Further, even if the actions were determined to be parallel, there are not extraordinary circumstances warranting abstention. (*Id.* at 8). Simmons advances no argument for the first factor. Simmons contends that second factor weighs against abstention because "the Court of Common Pleas of Bedford County, Pennsylvania is in relatively close proximity to the United States District Court in Johnstown, Pennsylvania and [] Bedford County is one of the five [] counties subject to jurisdiction and/or venue in the Johnstown Division. Further[,] the federal forum is a more convenient forum for counsel . . . ." (*Id.* at 9).

Simmons also contends that the third factor weighs against abstention because "there will not be duplicative efforts, will not be duplicative discovery, there will be no risk of inconsistent factual determinations, and there is no policy reason to litigate these claims in state courts." (*Id.* at 10). For the fourth factor, Simmons contends that it weighs against abstention "[b]ecause the two actions are substantially at the same phase in litigation." (*Id.* at 10-11). For the fifth factor, Simmons argues that its claims merely being governed by state law does not favor abstention. (*Id.* at 11). Finally, based upon the heavy presumption in favor of exercising jurisdiction, Simmons contends that a federal court should not abstain merely because the state forum is adequate and, therefore, the sixth factor weighs against abstention. (*Id.*).

2.  **Exceptional Circumstances Warranting Abstention are not Present**

Following the approach taken by the Third Circuit in *Nationwide*, the Court "need not take up the parallel action analysis here because, even presuming parallelism, this action does not present the type of circumstances warranting abstention." *Nationwide*, 571 F.3d at 308. Accordingly, the Court will proceed to the second inquiry—whether exceptional circumstances exist that warrant abstention under the *Colorado River* doctrine.

The second factor—the inconvenience of the federal forum—weighs against abstention.[2] "Equal convenience is not neutral; it weighs against issuing a stay because it means that litigating in federal court is not inconvenient." *U.S. Claims, Inc. v. Smolar*, 574 F. Supp. 2d 487, 490 (E.D. Pa. 2008). While the Defendants do not address this factor, Simmons argues that the state court in Bedford County, Pennsylvania is in close proximity to the federal court in Johnstown, Pennsylvania, and that the federal court is the more convenient forum. (ECF No. 9, p. 9). Accordingly, the Court finds that this factor weighs in favor of exercising its jurisdiction.

The third factor—avoiding piecemeal litigation—also weighs against abstention. In the Third Circuit, "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan v. Johnson*, 115 F.3d 193, 197-98 (3d Cir. 1997) (citing *Kentucky West Virginia Gas Co. v. Pennsylvania Pub. Util. Com m'n*, 791 F.2d 1111, 1118 (3d Cir. 1986)). More specifically, "there must be a strongly articulated *congressional* policy against piecemeal litigation in the specific context of the case under review."

---

[2] For the first factor–the first court to obtain jurisdiction over the property in an *in rem* proceeding–neither party advances any argument about the first factor. It appears to the Court that this factor is inapplicable to this action because the factor applies "where a court has custody of property." *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964).

*Ryan*, 115 F.3d at 198 (emphasis added). Therefore, "[t]he presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." *Id.* In this case, the Defendants have not identified any congressional policy, strongly articulated or otherwise, suggesting that Congress desires to avoid piecemeal litigation of any of the claims involved in this case.[3]

The fourth factor—the order in which jurisdiction was obtained—weighs towards abstention. The state proceedings were initiated first. The state court action was filed by the Defendants on August 27, 2019 (ECF No. 7, p. 7), while Simmons filed its complaint on October 28, 2019 (ECF No. 1). However, this Court "must consider more than which action was filed first . . . . The comparative progress made in the state cases and this one also needs to be considered." *Nationwide*, 571 F.3d at 309. At the time the motion was filed, the state court action had progressed to briefing and arguing preliminary objections. (ECF No. 7, p. 7; ECF No. 9, p. 10). On the other hand, progress has also been made in this case; both parties briefed the instant motion. (*see* ECF Nos. 7, 9). Overall, the Court finds that more progress has been made in the state case. Accordingly, this factor somewhat favors abstention.

The fifth factor—whether federal or state law controls—weighs against abstention. As the Third Circuit explained, "while the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely under

---

[3] The Defendants merely assert that the "[i]ntertwined parallel claims will result in piecemeal litigation causing delays, additional expense, and inefficiencies." (ECF No. 7, p. 6). Assuming, *arguendo*, that the claims are parallel, Defendants' inability to point to a congressional policy against piecemeal litigation in this action weighs strongly against abstention.

state law." *Ryan*, 115 F.3d at 199. This factor only favors abstention in "rare circumstances" where the state law issues are "so intricate and unsettled that resolution in the state courts might be more appropriate . . . ." *Id.* at 199-200; *see also Greg Welteroth Holding, Inc. v. Sun*, No. 4:13-CV-00809, 2013 WL 12120271, at *4 (M.D. Pa. Dec. 13, 2013) (holding that abstention was unnecessary when a federal district court in Pennsylvania must apply Pennsylvania state law because it is "a body of law that this Court is frequently called upon to apply and interpret.") This case is governed by Pennsylvania law and does not present "rare circumstances" that would justify abstention. Accordingly, this factor weighs against abstention.

The sixth factor—whether the state court will adequately protect the interests of the parties—also weighs against abstention. As the Third Circuit stated, "the mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction." *Ryan*, 115 F.3d at 200. Moreover, "this factor is normally relevant only when the state forum is *in*adequate." *Id.* (emphasis in original). "When the state court is adequate . . . this factor carries little weight." *Id.* There is no evidence that the state court is inadequate here. Accordingly, this factor weighs against abstention.[4]

---

[4] To support their contention that this factor favors abstention, Defendants assert that "the state court can effectively protect the Plaintiff's rights, particularly as Plaintiff's claims sound in state law." (ECF No. 7, p. 9). This argument is wholly unconvincing. If the Court accepted Defendants' argument, it would be compelled to abdicate jurisdiction in nearly every diversity case. As the Third Circuit has stated:
> [I]t is the singular role of Congress to amend or repeal the diversity statute, 28 U.S.C. § 1332. While this issue has generated much controversy and a number of legislative proposals to do just that, none has yet been enacted. Until such time as that may happen, the federal courts have no choice but to apply the statute faithfully and in accordance with well-settled law.

*Ryan*, 115 F.3d at 200.

## VII. Conclusion

For the forgoing reasons, the Court denies Defendants' Motion.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMMONS REALTY CO, INC., | ) | Case No. 3:19-cv-182 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BEDFORD UST HOLDING COMPANY, LLC, BEDFORD ASSET LEASING COMPANY, LLC, and BREEZEWOOD LEASING COMPANY, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 15th day of September, 2020, upon consideration of Defendants' Bedford UST Holding Company, LLC, Bedford Asset Leasing Company, LLC, and Breezewood Leasing Company, LLC, Rule 12 Motion and Parallel Claim Abstention (ECF No. 6) and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE